UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NICHOLAS ANTHONY MCPHERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STANLEY KNIGHT, ) <br> ) <br> Defendant. ) | Cause No. 2:15-cv-00013-JMS-WGH |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint, and
Directing Plaintiff to Show Cause**

### I.  Background

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. An assessment of an initial partial filing fee is not feasible at this time.

Plaintiff Nicholas Anthony McPherson is a prisoner confined at the Putnamville Correctional Facility ("Putnamville"). Mr. McPherson filed this civil action against Putnamville Superintendent Stanley Knight. Mr. McPherson brings a claim pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights. He seeks a declaratory judgment, injunctive relief, and damages.

Mr. McPherson alleges that on November 15, 2014, he requested protective custody and was placed in segregated confinement. He further alleges that he has remained in segregation since that date and is in isolation for 23 hours per day. This isolation, alleges Mr. McPherson, denies him access to educational programs, vocational training, and other programs that could aid in his rehabilitation. He further alleges that the denial of access to these programs could have an adverse impact on his mental health, physical health, and safety. According to Mr. McPherson,

placing him in isolation and denying him access to these programs simply because he requested protective custody violates his Eighth Amendment right to be free from cruel and unusual punishment.

## II.     Screening

The complaint is now subject to screening as required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

"[A]n inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). "Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). "[D]isciplinary segregation *can* trigger due process protections depending on the duration and conditions of segregation." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). The Seventh Circuit has explained that "both the duration *and* the conditions of the segregation must be considered in the due process analysis; if the conditions of segregation were significantly harsher than those in the normal prison environment, then a year of [segregation] might count as a deprivation of liberty where a few days or even weeks might not." *Id.* at 698 (internal quotation omitted). For example, "six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Id.* (internal quotation omitted). In this case, Mr. McPherson alleges that he has been confined in segregation for two months. *See Marion*, 559 F.3d at 697-98, n.2 (collecting cases holding that placement in segregation for 2 to 90 days does not implicate a liberty interest); *see also Earl v. Racine County*

*Jail,* 718 F.3d 689, 691 (7th Cir. 2013) ("When an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation like suicide watch or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time."). To the extent Mr. McPherson alleges a due process violation based solely on his placement in segregation for two months, this claim is **dismissed** for failure to state a claim upon which relief may be granted.

Mr. McPherson alleges that his being confined in protective segregation has denied him access to education and other programs which might help him achieve rehabilitation. "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (internal quotation omitted). "[T]he denial of access to educational programs does not infringe on a protected liberty interest." *Id.* Because the successful completion of an educational program is not inevitable, the denial of the opportunity to earn good time credits through educational programs "does not inevitably affect the duration of the sentence, and does not deprive him of constitutional guarantees." *Id.* (internal quotation omitted); *see also Sandin,* 515 U.S. at 487 (due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence"). To the extent Mr. McPherson alleges constitutional violations because of an alleged deprivation of educational programs, this claim is **dismissed** for failure to state a claim upon which relief can be granted.

In addition, the conditions of an inmate's confinement violate the Eighth Amendment only if they deprive him of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[L]ife's necessities include shelter, heat, hygiene items and clothing."

*Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014). The complaint fails to allege deprivations of this type sufficient to support a claim under this theory as well.

### III. Further Proceedings

The complaint is **dismissed** for failure to state a claim upon which relief can be granted. Mr. McPherson shall have **through February 20, 2015,** in which to **show cause** why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: January 23, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

**NICHOLAS ANTHONY MCPHERSON**
128372
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135